**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MICHAEL P. DONOVAN, as he is ADMINISTRATOR, LOCAL 103, I.B.E.W. HEALTH BENEFIT PLAN; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; JOINT APPRENTICESHIP AND TRAINING FUND; and DARRIN E. GOLDEN, as he is EXECUTIVE SECRETARY-TREASURER, NATIONAL ELECTRICAL BENEFIT FUND, <br>　　　　Plaintiffs, <br><br>　　　　v. <br><br>LARKIN ENTERPRISES, INC., <br>　　　　Defendant | CIVIL ACTION NO. <br><br> 1:25-cv-11791 |

## VERIFIED COMPLAINT

### NATURE OF ACTION

This action is brought by Plaintiffs Michael P. Donovan, et. al., on behalf of benefit funds for Local 103 of the International Brotherhood of Electrical Workers (the "Funds") to recover the sum of **$173,812.37** from the defendant, an electrical contractor, for unpaid employee benefit contributions, interest, liquidated damages, costs and legal fees pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185 and the applicable Collective Bargaining Agreement.

### JURISDICTION

1.　The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the

LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

2.    Plaintiff Michael P. Donovan is the Administrator of the Local 103, I.B.E.W. Health Benefit Plan ("Health Plan").  The Health Plan is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Health Plan is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

3.    Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. ("Pension Fund").  The Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Pension Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4.    Plaintiff Michael P. Donovan is also the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. ("Deferred Income Fund").  The Deferred Income Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Deferred Income Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5.    Plaintiff Michael P. Donovan is also the Administrator of the Joint Apprenticeship and Training Fund ("JATC").  The JATC is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The JATC is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6.    Plaintiff Darrin E. Golden is the Executive Secretary-Treasurer of the National Electrical Benefit Fund ("National Fund").  The National Fund is an "employee pension benefit

plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The National Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

7.  The Health Plan, Pension Fund, Deferred Income Fund, JATC, and National Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as the "Funds."  The Funds are authorized to act as agent for purposes of collecting contributions owed to the Electrical Industry Labor Management Cooperation Trust, the National Electrical Industry Fund, and the Administrative Maintenance Fund, which contributions are detailed in the Local 103 collective bargaining agreement.  The Funds are also authorized to collect union working dues which are deducted from employees' pay when those amounts are not remitted by the employer to the Union.

8.  Defendant Larkin Enterprises, Inc. ("Larkin") is a foreign corporation organized under the laws of the state of Maine and registered to do business in Massachusetts, with a principal place of business at 317 West Broadway, P. O. Box 405, Lincoln, ME and a Registered Agent at Corporation Service Company,84 State Street, Boston, MA 02109.  Larkin is employers engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## FACTS

9.  On or about June 7, 2001, Larkin signed a Letter of Assent authorizing the Boston Chapter of the National Electrical Contractors Association ("NECA") as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between NECA and the International Brotherhood of Electrical Workers Local 103 ("Union").  A copy of LARKIN's Letter of Assent is attached hereto as Exhibit A.

10. Larkin has been a party to successive collective bargaining agreements, including the agreement which is in effect from September 1, 2023 through August 31, 2028, attached hereto as <u>Exhibit B</u> ("Agreement").

11. The Agreement requires signatory employers to make contributions to the Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed to each Fund for each hour worked. The Agreement also specifies that Union working dues and holiday and vacation amounts are to be deducted from the wages of each employee and forwarded to the Union.

12. Signatory employers are obligated to submit remittance reports on a monthly basis, in which they list the hours worked by their employees and calculate the amount of benefit contributions and wage deductions owed for all work performed by their employees in that month. Employers are also required to submit to periodic audits of their books and records to verify the accuracy of their remittance reports.

13. The Agreement specifies that remittance reports, benefit contributions, and wage deductions are to be submitted by the 15th day of the month following the month in which the work is performed. Section 6.38(f) of the Agreement provides that a delinquent fee must be paid for all payments made after the due date. The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of benefit contributions be set at 1.5 percent per month from the date due until the date paid.

14. Section 4.9 of the Agreement provides that each employer shall be bound by rules and regulations promulgated by the Trustees of the Trust Funds as regards collection procedures, including but not limited to legal fees and interest charges. The Trustees of the Trust Funds have promulgated a collections policy which provides that a delinquent employer

shall be liable for all costs of collection, including but not limited to court costs, attorneys' fees and expenses, and accountants' or auditors' fees.

15. In addition, for delinquent payment of contributions owed to the Deferred Income Fund, for each year that a delinquent employer is delinquent as of December 1st of a calendar year, the employer shall also pay an assessment as liquidated damages equal to the amount of the outstanding delinquent contributions owed as of December 1st of such calendar year multiplied by the percentage used to allocate net investment income to individual accounts for the year ending on such November 30th ("earnings adjustment").

16. The Trustees of the Trust Funds have also determined that, if an employer is selected to be audited, and the employer fails to comply with such audit request, then the employer shall pay to the Funds all costs, court costs, attorneys fees and expenses, expert fees and expenses, and accountants' or auditors' fees and expenses incurred by the Funds in compelling compliance with the audit request.

17. Larkin is delinquent in payment of benefit contributions for the months of October 2024 through February of 2025. Attached as <u>Exhibit C</u> is a true and accurate copy of the most recent demand letter sent to Larkin. Larkin is also delinquent as to payment of other charges under the terms of the Collective Bargaining Agreement, including interest on late paid benefits, deferred income interest, holiday and vacation pay, working assessments and legal fees.

18. The total amount owed by Larkin as of the date of this complaint, including liquidated damages due in accordance with Section 502 of ERISA, is $173,812.37, consisting of the following:

| DESCRIPTION | AMOUNT |
|---|---|
| Benefits | $ 135,959.61 |
| Working Assessment Payroll Deductions | $ 6,180.19 |
| Holiday / Vacation Fund Payroll Deductions | $ 6,189.00 |
| Interest on Unpaid Contributions | $ 11,401.93 |
| Interest on Late Paid Contributions | $ 387.36 |
| Liquidated Damages | $ 11,789.29 |
| Legal Fees and Costs Through 6/6/25 | $ 1,905.00 |
| **TOTAL DUE** | **$ 173,812.37** |

19. The Defendant has, as aforesaid, failed to respond to demand letters, and absent an order of attachment from this Court is expected to continue to refuse and fail to pay the monies due to the Plaintiff Funds causing the Funds and the union members whose contributions are being misappropriated to be irreparably harmed.

20. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## **COUNT I - VIOLATION OF ERISA**

21. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if set forth fully herein.

22. The failure of Defendants to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145 and the Plaintiffs have been damaged thereby in the amount set forth above.

## COUNT II - VIOLATION OF THE
## COLLECTIVE BARGAINING AGREEMENT

23. Plaintiffs incorporate by reference the allegations of the foregoing paragraphs as if set forth fully herein

24. The Agreement is a contract within the meaning of §301 of the LMRA.

25. The failure of the Defendant to pay all benefit contributions, payroll deductions, interest and legal costs and fees incurred to collect the overdue sums violates the terms of the Agreement, and the Plaintiffs have been damaged thereby in the amount set forth above.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs request that this Court grant the following relief:

A. Order Defendant to make available to the Plaintiffs or to their authorized representatives all of Defendant's payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, accounts receivable, and a complete listing of all job locations from the date of the last audit of its account until the date of the Court's order for the purpose of confirming the full amount of unpaid contributions due to the Funds;

B. Enter judgment in favor of the Plaintiff Funds on Count I against Defendants for all benefit contributions and working dues owed through the present, together with any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, plus interest on the unpaid contributions, statutory liquidated damages, and legal fees and costs of collection, pursuant to 29 U.S.C. §1132(g)(2);

C.   Enter judgment in favor of the Plaintiff Funds on Count II against Defendants for all benefit contributions and working dues owed through the present, plus interest and any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

D.   Allow such further and other relief as this Court may deem appropriate.

### **VERIFICATION**

I, Michael P. Donovan, Funds Administrator for the Local 103, I.B.E.W. Health Benefit Plan, *et al.*, verify that I have read the above Complaint, and the statements set forth therein are true and accurate except for those statements made on information and belief as to which I am informed and believe to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS 20th DAY OF JUNE, 2025.

*/s/ Michael P. Donovan*
Michael P. Donovan
Funds Administrator


Respectfully submitted,

MICHAEL P. DONOVAN, as he is
ADMINISTRATOR, LOCAL 103, I.B.E.W.
HEALTH BENEFIT PLAN, *et al.*,

By their attorneys,
JEREMY RITZENBERG LLC

Dated: June 20, 2025

*/s/ Jeremy Ritzenberg*
Jeremy Ritzenberg, Esq.
BBO # 546950
P. O. Box 324
Westwood, MA 02090
617-435-4337
jr@jritzenberg.com